# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

RENEE FARRELL,

    Plaintiff,

vs.                                                CASE NO: 3:21-cv-01132

HAMMACHER, SCHLEMMER & CO.,
INC. a for profit corporation; DEVCO,
LLC, d/b/a "Anywhere Fireplace," a for
profit limited liability company; LUMINA
PRODUCTS, INC., a for profit corporation;
and AMAZON.COM, INC., a for profit
corporation,

    Defendants.
_____/

## **DEFENDANT, AMAZON.COM, INC.'S NOTICE OF REMOVAL**

Defendant, Amazon.com, Inc. (hereinafter, "Amazon"), by and through its undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and Local Rule 1.06, hereby removes this action from the Circuit Court of the Seventh Judicial Circuit in and for St. Johns County, Florida to the United States District Court for the Middle District of Florida, Jacksonville Division, on the following grounds:

### BACKGROUND

1.    On October 15, 2021, Plaintiff Renee Farrell filed a Complaint in the Circuit Court of the Seventh Judicial Circuit in and for St. Johns County, Florida, captioned RENEE FARRELL, Plaintiff vs. HAMMACHER, SCHLEMMER & CO.,

INC., a for profit corporation; DEVCO, LLC, d/b/a "Anywhere Fireplace," a for profit limited liability company; LUMINA PRODUCTS, INC., a for profit corporation; and AMAZON.COM, INC., a for profit corporation, Defendants, Case Number ca21-1180.

2.  On October 28, 2021, Plaintiff served the Summons and Complaint on Amazon through its agent for service of process.

3.  The state Court docket does not reflect service on any other Defendant; thus, Amazon is not required to obtain their consent for this removal. *See* 28 U.S.C. § 1446(b)(2)(A).

4.  There is jurisdiction over this removed action pursuant to 28 U.S.C. § 1441, because this action originally could have been filed in this Court pursuant to 28 U.S.C. § 1332. Specifically, this Court has jurisdiction over this action because there is the requisite complete diversity of citizenship between the Plaintiff and Defendants, and the amount in controversy exceeds $75,000, exclusive of interests and costs.

**DIVERSITY OF CITIZENSHIP**

5.  Plaintiff is a citizen of Florida. For diversity purposes, citizenship is equivalent to "domicile." *McCormick v. Aderholt,* 293 F.3d 1254, 1257 (11th Cir. 2002). "A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." *Id.* at 1257-58. *See also Diller v. Heartland AG Group of Springfield, Inc.*, 5:10-CV-672-OC-34TBS, 2011 WL 13295824, at *3

(M.D. Fla. Sept. 28, 2011). To discern intent, the Court may consider factors including "home ownership, driver's license, voting registration, location of family, location of business and where taxes are paid." *Turner v. Penn. Lumbermen's Mut. Fire Ins. Co.*, No. 3:07-cv-374-J-32TEM, 2007 WL 3104930, at *4 (M.D. Fla. Oct. 22, 2007); *see Juvelis v. Snider*, 68 F.3d 648, 654 (3d Cir. 1995) ("Persuasive evidence of intent can include establishment of a home, place of employment, location of assets, and registration of car, and, generally, centering one's business, domestic, social, and civic life in a jurisdiction."); *see also McCormick*, 293 F.3d at 1258. Plaintiff alleges that she is "a resident of Ponte Vedra Beach, St. Johns County, Florida." (Complaint, at ¶ 2). A records search reveals that Plaintiff owns a home in Ponte Vedra Beach, Florida and has a Florida driver's license. Plaintiff is also registered to vote in St. Johns County, Florida.

6. Amazon.com, Inc. is a Delaware corporation with its principal place of business in the state of Washington. *See also* Complaint, at ¶ 15. It is therefore a citizen of Delaware and Washington. *See* 28 U.S.C. § 1332(c)(1) (corporation is a citizen of states of incorporation and principal place of business).

7. Plaintiff alleges that Defendant Hammacher, Schlemmer & Co., Inc. is a New York corporation with its principal place of business in Illinois. (Complaint, at ¶ 4). Therefore, Defendant Hammacher, Schlemmer & Co., Inc. is a citizen of New York and Illinois.

8. Plaintiff alleges that Defendant Devco, LLC (d/b/a "Anywhere Fireplace") is a New York liability company with its principal place of business in

New York. (Complaint, at ¶ 8). Upon information and belief, Devco, LLC's members are all citizens of New York. For diversity purposes, a limited liability company is a citizen of any state of which its members are a citizen. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). Thus, Defendant Devco, LLC is a citizen of New York.

9. Plaintiff alleges Defendant Lumina Products, Inc. is a North Carolina corporation with its principal place of business in North Carolina. (Complaint, at ¶ 12). Thus, Defendant Lumina Products, Inc. is a citizen of North Carolina.

10. Complete diversity of citizenship exists because Plaintiff is not a citizen of the same state as Defendants. *See* 28 U.S.C. § 1332(a). Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).

## AMOUNT IN CONTROVERSY

11. Plaintiff alleges, "this is an action for damages in excess of $75,000 exclusive of interest and costs." (Complaint at ¶ 1). Specifically, Plaintiff alleges she was "severely and permanently injured" when her "fireplace exploded and the fuel ignited her hair and clothing and kept burning despite her best efforts to roll on the ground and extinguish the flames." *Id.* at ¶¶ 3, 21. As a result, Plaintiff alleges she "sustained severe burns primarily to her left side, including her face, chest, and left arm." *Id.* at ¶ 22. Plaintiff alleges that she suffered:

> bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and loss of the ability to earn money. The

losses are permanent, continuing, and Plaintiff RENEE FARRELL will suffer additional losses in the future.

*Id.* at ¶ 23.

12. A defendant's notice of removal may assert the amount in controversy if the complaint seeks (a) nonmonetary relief or (b) a money judgment and the state practice permits recovery in excess of the amount demands. 28 U.S.C. § 1446(c)(2)(A)(ii). As the Supreme Court has held, the notice "need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014); *see also Mangano v. Garden Fresh Restaurant Corp.*, Case No. 2:15-cv-477-FtM-99MRM, 2015 WL 5953346, at *1 (M.D. Fla. Oct. 13, 2015) ("A Notice of Removal must plausibly allege the jurisdictional amount, not prove the amount") (citing *Dart*, 135 S. Ct. at 554). The defendant need not provide any evidence establishing the amount in controversy unless and until the plaintiff contests, or the court questions, the defendant's allegation as to the amount in controversy. *Dart*, 135 S. Ct. at 554. Defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it. *Id.*

13. Although Amazon denies that Plaintiff is entitled to any monetary relief whatsoever, Amazon believes, based on the allegations in Plaintiff's Complaint, that the amount in controversy in this civil action exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. Moreover, Plaintiff herself alleged that the amount in controversy exceeds

$75,000, exclusive of interest and costs. Therefore, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).

## PROCEDURAL COMPLIANCE

14. This Notice of Removal is timely because it was filed within thirty days after Amazon received the pleading setting forth the claim for relief upon which this action is based. *See* 28 U.S.C. § 1446(b).

15. Removal to the Jacksonville Division of this Court is appropriate under Local Rules 1.06(a) because the action was filed in St. Johns County, Florida.

16. As required by 28 U.S.C. § 1446(a) and Local Rule 1.06(b), true and correct copies of all of the process, pleadings, orders and papers on file with the state court in this action are attached as **Composite Exhibit A**.

17. Pursuant to 28 U.S.C. § 1446(d), notice of this Notice of Removal is being provided to Plaintiff and the state court clerk contemporaneously with the filing of this Notice of Removal with this Court.

WHEREFORE, Defendant, Amazon.com, Inc., by and through its undersigned counsel, respectfully notices the removal of this action now pending against it in the Circuit Court of the Seventh Judicial Circuit in and for St. Johns County, Florida, Case No. CA21-1180 to the United States District Court for the Middle District of Florida, Jacksonville Division.

## CERTIFICATE OF SERVICE – CM/ECF

I HEREBY CERTIFY that on November 11, 2021, I electronically filed the foregoing with the Clerk of the Court by using the *CM/ECF* system and furnished a copy via email to Seth A. Pajcic of Pajcic & Pajcic, P.A. at: seth@pajcic.com (*counsel for Plaintiff*).

/s/ Nicole Walsh
Robert M. Fulton
Florida Bar No. 0008516
Cory J. Person
Florida Bar No. 32950
Nicole Walsh
Florida Bar No. 111961
HILL, WARD & HENDERSON, P.A.
Post Office Box 2231
Tampa, FL  33601
bob.fulton@hwhlaw.com
cory.person@hwhlaw.com
nicole.walsh@hwhlaw.com
Tel:  (813) 221-3900
Fax:  (813) 221-2900
***Attorneys for Amazon.com, Inc.***