Filing # 136622360 E-Filed 10/15/2021 10:17:08 AM

IN THE CIRCUIT COURT, SEVENTH
JUDICIAL CIRCUIT, IN AND FOR
ST JOHNS COUNTY, FLORIDA

CASE NO.: CA21-1180
DIVISION: 55

RENEE FARRELL,

    Plaintiff,

vs.

HAMMACHER, SCHLEMMER & CO., INC., a for profit corporation; DEVCO, LLC, d/b/a "Anywhere Fireplace" a for profit limited liability company; LUMINA PRODUCTS, INC., a for profit corporation; and AMAZON.COM, INC., a for profit corporation,

    Defendants.

_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, RENEE FARRELL, sues Defendants, HAMMACHER, SCHLEMMER & CO., INC., a for profit corporation; DEVCO, LLC, d/b/a "Anywhere Fireplace", a for profit limited liability company; LUMINA PRODUCTS, INC., a for profit corporation, and AMAZON.COM, INC., a for profit corporation, and alleges:

### General Allegations

1. This is an action for damages in excess of $75,000 exclusive of interest and costs.

2. At all times material hereto, Plaintiff RENEE FARRELL was a resident of Ponte Vedra Beach, St. Johns County, Florida.

3. On February 14, 2021, Plaintiff RENEE FARRELL was severely and permanently injured when she attempted to refill her Metropolitan Tabletop Bio-ethanol

Fireplace designed and/or manufactured and/or imported by DEVCO (Anywhere Fireplace) and sold to her by HAMMACHER, with Smart Fuel designed and manufactured by LUMINA, and sold to her by AMAZON.

4. At all times relevant, HAMMACHER, SCHLEMMER & CO., INC. (hereinafter "HAMMACHER") was a New York for profit corporation with its principle place of business located at 9333 N. Milwaukee Avenue, Niles, IL 60714.

5. Defendant HAMMACHER, which holds itself out as operating "America's Longest Running Catalog" is in the business of selling home goods via its catalogue and website "Guaranteeing the Best, the Only, and the Unexpected for 173 years."

6. At all times material hereto, Defendant HAMMACHER was engaged in substantial and not isolated business in the State of Florida, including marketing, selling, and distributing its products to consumers in the State of Florida.

7. The Plaintiff purchased the defective Metropolitan Tabletop Bio-ethanol Fireplace from HAMMACHER's website while in the state of Florida and HAMMACHER delivered it to her in Florida.

8. At all times relevant, DEVCO, LLC, d/b/a "Anywhere Fireplace" (hereinafter "ANYWHERE FIREPLACE") was a New York limited liability company with its principle place of business located at 605 Third Avenue, New York, NY 10158.

9. At all times material hereto, Defendant ANYWHERE FIREPLACE was a New York corporation engaged in substantial and not isolated business in the State of Florida, including marketing, selling and distributing its products to consumers in the State of Florida.

10. Defendant ANYWHERE FIREPLACE is in the business of designing, manufacturing, and selling portable "anywhere fireplaces" and designed and/or imported and/or

manufactured the defective portable fireplace at issue in this case that was sold to Plaintiff by Defendant HAMMACHER.

11. At all times material hereto, Defendant ANYWHERE FIREPLACE was engaged in solicitation or service activities within the State of Florida; and products, materials or things processed, distributed or manufactured by ANYWHERE FIREPLACE were sold and used within this state in the ordinary course of trade, commerce or use, including the defective portable fireplace at issue in this case.

12. At all times relevant, LUMINA PRODUCTS, INC. (hereinafter referred to as "LUMINA") was a North Carolina for profit corporation with its principle place of business located at 10 Waterline Drive, Greensboro, NC 27455-3300.

13. Defendant LUMINA was in the business of manufacturing and selling Smart Fuel, a clear fuel for ventless fireplaces comprised of 95% pure ethanol designed to burn with no "no soot, no smell, and no residue."

14. At all times material hereto, Defendant LUMINA was engaged in solicitation or service activities within the State of Florida; and products, materials or things processed, distributed or manufactured by LUMINA were sold and used within this state in the ordinary course of trade, commerce or use, including the defective Smart Fuel at issue in this case.

15. At all times relevant, AMAZON.COM, INC., (hereinafter "Amazon") was a Delaware for profit corporation with its principle place of business located at 410 Terry Avenue N., Seattle, WA 98109-5210.

16. At all times material hereto, Defendant AMAZON was engaged in substantial and not isolated business in the State of Florida, including marketing, selling, and distributing its products to consumers in the State of Florida.

17. At all times material hereto, Defendant AMAZON was engaged in solicitation or service activities within the State of Florida; and products, materials or things processed and distributed by AMAZON were sold and used within this state in the ordinary course of trade, commerce or use, including the defective Smart Fuel involved in this case.

18. The Plaintiff purchased the Smart Fuel manufactured and sold by Defendant LUMINA from the website of Defendant AMAZON while in the state of Florida and AMAZON delivered it to her in Florida.

19. On February 14, 2021, the Plaintiff was utilizing her Metropolitan Tabletop Bio-ethanol Fireplace designed and/or manufactured and/or imported by DEVCO (Anywhere Fireplace) inside at her home.

20. At the above time and place, the Plaintiff observed that the flame in the fireplace had gone out, so she attempted to refill her fireplace with Smart Fuel manufactured and sold by Defendant LUMINA.

21. At the above time and place, when the Plaintiff was pouring the fuel into the fireplace, the fireplace exploded and the fuel ignited her hair and clothing and kept burning despite her best efforts to roll on the ground and extinguish the flames.

22. Due to the explosion, the Plaintiff sustained severe burns primarily to her left side, including her face, chest, and left arm.

23. As a direct and proximate result of the aforementioned negligence, RENEE FARRELL suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and loss of the ability to earn money. The

losses are permanent, continuing, and Plaintiff RENEE FARRELL will suffer additional losses in the future.

### COUNT I
### Strict Liability – Hammacher Schlemmer

24. Plaintiff realleges and incorporates in this count the allegations of paragraphs 1-7 and 19-23 above, and further alleges:

25. Defendant HAMMACHER sold the Metropolitan Tabletop Bio-ethanol Fireplace which is the subject of this Complaint to the Plaintiff.

26. The Fireplace was expected to reach, and did reach, the consumer/user without substantial change in the condition in which it was sold.

27. The Plaintiff RENEE FARRELL was within the scope of persons who would use or be affected by the product in question.

28. At the time the Metropolitan Tabletop Bio-ethanol Fireplace left the control of Defendant HAMMACHER, the fireplace was in a defective condition, unsafe, and unreasonably dangerous for its intended use by foreseeable users, including Plaintiff, in one or more of the following respects:

   (a)   The over-the-top pouring design is inherently dangerous because the alcohol flames can be invisible and ordinary consumers do not realize just how dangerous the products are, including the propensity to ignite violently despite the absence of a visible flame.

   (b)   The alcohol-based bio-fuel has a lower viscosity than water and stays on skin and clothing enhancing the danger and risk of fire to users.

(c) The fireplace was defective in that it failed to perform as safely as an ordinary consumer would expect when the product is used in an intended or reasonably foreseeable manner.

29. At all times relevant, there was a design defect in the fireplace sold by HAMMACHER that resulted in a product that was unreasonably dangerous for use by the unsuspecting public.

30. These defects caused or contributed to the damages suffered by Plaintiff RENEE FARRELL.

WHEREFORE, Plaintiff RENEE FARRELL demands judgment against Defendant HAMMACHER, SCHLEMMER & CO., INC., together with costs of suit.

## COUNT II
### Negligence – Hammacher Schlemmer

31. Plaintiff realleges and incorporates in this count the allegations of paragraphs 1-7 and 19-23 above, and further alleges:

32. The Metropolitan Tabletop Bio-ethanol Fireplace was not altered from the time it left the control of Defendant HAMMACHER until the time when Plaintiff was injured on February 14, 2021.

33. The Metropolitan Tabletop Bio-ethanol Fireplace was being used by Plaintiff for its intended and reasonably foreseeable purpose at the time of the incident described above.

34. The Metropolitan Tabletop Bio-ethanol Fireplace is functionally identical to the myriad other fireplaces that have previously been recalled in the United States and Canada because the dangers of using and refilling these fireplaces is not readily apparent to ordinary consumers.

35. The Bio-ethanol fireplace, designed with an ultra-hazardous open burn configuration requiring refueling by the addition of fuel directly from above, into the provided cup where a flame could be present, but difficult or impossible to detect by the consumer, is an unreasonably dangerous product.

36. This combination of open cup burner design and alcohol-based fuel is significantly more dangerous than other decorative lighting products which need a wick to sustain a flame, such as candles, oil lamps and torches.

37. In advertising, promoting, and selling the Metropolitan Tabletop Bio-ethanol Fireplace to unsuspecting customers, Defendant HAMMACHER had a duty to use reasonable care to persons such as the Plaintiff who would foreseeably be using and/or in the presence of persons using the Metropolitan Tabletop Bio-ethanol Fireplace; but Defendant HAMMACHER breached that duty in that, as sold by Defendant, the product was unreasonably dangerous in one or more of the following respects:

   (a) The over-the-top pouring design is inherently dangerous because the alcohol flames can be invisible and ordinary consumers do not realize just how dangerous the products are, including the propensity to ignite violently despite the absence of a visible flame.

   (b) The alcohol-based bio-fuel has a lower viscosity than water and stays on skin and clothing enhancing the danger and risk of fire to users.

   (c) The fireplace was defective in that it failed to perform as safely as an ordinary consumer would expect when the product is used in an intended or reasonably foreseeable manner.

38. If HAMMACHER had performed even cursory research concerning the safety of these portable fireplaces, it would have immediately ascertained that functionally identical products had been recalled in the United States and Canada after causing multiple serious injuries and deaths under similar circumstances.

39. The negligence described above caused or contributed to cause the damages to Plaintiff RENEE FARRELL.

WHEREFORE, Plaintiff RENEE FARRELL demands judgment against Defendant HAMMACHER, SCHLEMMER & CO., INC., together with costs of suit.

## COUNT III
### Strict Liability – ANYWHERE FIREPLACE

40. Plaintiff, RENEE FARRELL, realleges and incorporates in this count the allegations of paragraphs 1-3, 8-11 and 19-23 above, and further alleges:

41. Defendant ANYWHERE FIREPLACE was engaged in the business of designing, importing, and/or selling the Metropolitan Tabletop Bio-ethanol Fireplace which was sold to the Plaintiff in this case.

42. The fireplace designed by ANYWHERE FIREPLACE was expected to reach, and did reach, the consumer/user without substantial change in the condition in which it was designed and imported.

43. The Plaintiff RENEE FARRELL was within the scope of persons who would use or be affected by the product in question.

44. Due to its design, the Metropolitan Tabletop Bio-ethanol Fireplace was in a defective condition, unsafe, and unreasonably dangerous for its intended use by foreseeable users, including Plaintiff, in one or more of the following respects:

(a) The over-the-top pouring design is inherently dangerous because the alcohol flames can be invisible and ordinary consumers do not realize just how dangerous the products are, including the propensity to ignite violently despite the absence of a visible flame.

(b) The alcohol-based bio-fuel has a lower viscosity than water and stays on skin and clothing enhancing the danger and risk of fire to users.

(c) The fireplace was defective in that it failed to perform as safely as an ordinary consumer would expect when the product is used in an intended or reasonably foreseeable manner.

45. At all times relevant, there was a design defect in the fireplace which resulted in a fireplace that was defectively and unreasonably dangerous being sold to the Plaintiff who was unaware of the defects and dangers associated with use of the fireplace as it was intended.

46. These defects caused or contributed to the damages sustained by Plaintiff RENEE FARRELL.

WHEREFORE, Plaintiff RENEE FARRELL demands judgment against Defendant DEVCO, LLC, d/b/a Anywhere Fireplace, together with costs of suit.

### COUNT IV
### Negligence – Anywhere Fireplace

47. Plaintiff realleges and incorporates in this count the allegations of paragraphs 1-3, 8-11 and 19-23 above, and further alleges:

48. The Metropolitan Tabletop Bio-ethanol Fireplace was being used for its intended and reasonably foreseeable purpose at the time of the incident described herein.

49. In designing, importing, and selling the fireplaces, Defendant ANYWHERE FIREPLACE had a duty to use reasonable care to persons such as the Plaintiff who would

foreseeably be using the Metropolitan Tabletop Bio-ethanol Fireplace and accompanying ethanol-based fuel and/or be in the presence of these products while they were in use; but Defendant ANYWHERE FIREPLACE breached that duty in that, it negligently designed an unreasonably dangerous product prone to exploding and burning users.

50.  The Metropolitan Tabletop Bio-ethanol Fireplace is functionally identical to the myriad other fireplaces that have previously been recalled in the United States and Canada because the dangers of using and refilling these fireplaces is not readily apparent to ordinary consumers.

51.  The Bio-ethanol fireplace designed with an ultra-hazardous open burn configuration requiring refueling by the addition of fuel directly from above, into the provided cup where a flame could be present, but difficult or impossible to detect by the consumer, is an unreasonably dangerous product.

52.  This combination of open cup burner design and alcohol-based fuel is significantly more dangerous than other decorative lighting products which need a wick to sustain a flame, such as candles, oil lamps and torches.

53.  In designing and selling the Metropolitan Tabletop Bio-ethanol Fireplace to unsuspecting customers, Defendant ANYWHERE FIREPLACE had a duty to use reasonable care to persons such as the Plaintiff who would foreseeably be using the Metropolitan Tabletop Bio-ethanol Fireplace; but Defendant ANYWHERE FIREPLACE breached that duty in that, the product was unreasonably dangerous in one or more of the following respects:

(a)  The over-the-top pouring design is inherently dangerous because the alcohol flames can be invisible and ordinary consumers do not realize just how dangerous

the products are, including the propensity to ignite violently despite the absence of a visible flame.

(b) The alcohol-based bio-fuel has a lower viscosity than water and stays on skin and clothing enhancing the danger and risk of fire to users.

(c) The fireplace was defective in that it failed to perform as safely as an ordinary consumer would expect when the product is used in an intended or reasonably foreseeable manner.

54. If ANYWHERE FIREPLACE had performed even cursory research concerning the safety of these portable fireplaces, it would have immediately ascertained that functionally identical products had been recalled in the United States and Canada after causing multiple serious injuries and deaths under similar circumstances.

55. The negligence described above caused or contributed to cause the damages to Plaintiff RENEE FARRELL.

WHEREFORE, Plaintiff RENEE FARRELL demands judgment against Defendant DEVCO, LLC, d/b/a Anywhere Fireplace together with costs of suit.

### COUNT V
### Strict Liability – Lumina

56. Plaintiff realleges and incorporates in this count the allegations of paragraphs 1-3, 12-14 and 18-23 above, and further alleges:

57. Defendant LUMINA made, manufactured, formulated, bottled, labeled, promoted, sold and/or distributed pourable fuel for fireplaces, named Smart Fuel.

58. Defendant LUMINA had an active role in the production, design, and/or formulation of the subject Smart Fuel and was a manufacturer, distributor and seller engaged in the business of creating the Smart Fuel which is the subject of this Complaint.

59. The Smart Fuel was expected to reach, and did reach, the consumer/user without substantial change in the condition in which it was created by LUMINA.

60. The Plaintiff RENEE FARRELL was within the scope of persons who would use or be affected by the product in question.

61. At the time the Smart Fuel left the control of Defendant LUMINA, the product was in a defective condition, unsafe, and unreasonably dangerous for its intended use by foreseeable users, including Plaintiff, in one or more of the following respects:

(a) The Smart Fuel Bio-ethanol fuel is volatile and highly flammable.

(b) The Metropolitan Tabletop Bio-ethanol Fireplace is marketed as "Planet-friendly" and "Greenest Choice Ethanol" although it contains more than 95% ethyl alcohol and is highly dangerous.

(c) The Smart Fuel has a lower viscosity than water and stays on skin and clothing enhancing the danger and risk of fire to users.

(d) The Smart Fuel was sold in containers with inadequate and misleading labeling and warnings, when in fact the fuel is highly volatile.

(e) The Smart Fuel bottle is flimsy and prone to squirting fuel rather than pouring it safely.

(f) The Smart Fuel lacks additives that would cause the flame to burn visibly so that users could tell when the flame was really extinguished.

(g) The Smart Fuel was sold without adequate warnings that alcohol flames may be difficult or impossible to see because they are by design colorless.

(h) The Smart Fuel was sold without an adequate warning label given the level of danger involved in utilizing this fuel.

(i) The product was defective in that it failed to perform as safely as an ordinary consumer would expect when the product was used in an intended or reasonably foreseeable manner.

62. At all times relevant, there was a design defect in the Smart Fuel that resulted in a mixture of fuel that was volatile, highly flammable, and unreasonably dangerous for use by the unsuspecting public.

63. These defects caused or contributed to the damages suffered by Plaintiff RENEE FARRELL as alleged herein.

WHEREFORE, Plaintiff RENEE FARRELL demands judgment against Defendant LUMINA PRODUCTS, INC., together with costs of suit.

### COUNT VI
### Negligence – Lumina

64. Plaintiff realleges and incorporates in this count the allegations of paragraphs 1-3, 12-14 and 18-23 above, and further alleges:

65. The Smart Fuel was not altered from the time it left the control of Defendant LUMINA until the time when Plaintiff was injured on February 14, 2021.

66. The Smart Fuel was being used by Plaintiff for its intended and reasonably foreseeable purpose at the time of the incident described above.

67. In designing, manufacturing, and selling the Smart Fuel, Defendant LUMINA had a duty to use reasonable care to persons such as the Plaintiff who would foreseeably be using the Smart Fuel; but Defendant LUMINA breached that duty in that, as designed, manufactured and sold by Defendant, the product was unreasonably dangerous in one or more of the following respects:

(a) The Smart Fuel Bio-ethanol fuel is volatile and highly flammable.

(b) The Metropolitan Tabletop Bio-ethanol Fireplace is marketed as "Planet-friendly" and "Greenest Choice Ethanol" although it contains more than 95% ethyl alcohol and is highly dangerous.

(c) The Smart Fuel has a lower viscosity than water and stays on skin and clothing enhancing the danger and risk of fire to users.

(d) The Smart Fuel was sold in containers with inadequate and misleading labeling and warnings, when in fact the fuel is highly volatile.

(e) The Smart Fuel bottle is flimsy and prone to squirting fuel rather than pouring it safely.

(f) The Smart Fuel lacks additives that would cause the flame to burn visibly so that users could tell when the flame was really extinguished.

(g) The Smart Fuel was sold without adequate warnings that alcohol flames may be difficult or impossible to see because they are by design colorless.

(h) The Smart Fuel was sold without an adequate warning label given the level of danger involved in utilizing this fuel.

(i) The product was defective in that it failed to perform as safely as an ordinary consumer would expect when the product was used in an intended or reasonably foreseeable manner.

68. The negligence described above caused or contributed to cause the damages to Plaintiff RENEE FARRELL.

WHEREFORE, Plaintiff RENEE FARRELL demands judgment against Defendant LUMINA PRODUCTS, INC., together with costs of suit.

## COUNT VII
### Strict Liability – Amazon

69. Plaintiff realleges and incorporates in this count the allegations of paragraphs 1-3 and 15-23 as set forth herein, and further alleges:

70. At all times material hereto, Defendant AMAZON was the largest and most trusted retailer in the country capturing 50 cents of every dollar spent online and engaged in the business of selling goods to consumers.

71. Defendant AMAZON sold the Smart Fuel which is the subject of this Complaint to the Plaintiff.

72. The Smart Fuel was expected to reach, and did reach, the consumer/user without substantial change in the condition in which it was sold by AMAZON.

73. At the time the Smart Fuel was sold by Defendant AMAZON, the fuel was in a defective condition, unsafe, and unreasonably dangerous for its intended use by foreseeable users, including Plaintiff, in one or more of the following respects:

  (a) The Smart Fuel Bio-ethanol fuel is volatile and highly flammable.

  (b) The Metropolitan Tabletop Bio-ethanol Fireplace is marketed as "Planet-friendly" and "Greenest Choice Ethanol" although it contains more than 95% ethyl alcohol and is highly dangerous.

  (c) The Smart Fuel has a lower viscosity than water and stays on skin and clothing enhancing the danger and risk of fire to users.

  (d) The Smart Fuel was sold in containers with inadequate and misleading labeling and warnings, when in fact the fuel is highly volatile.

  (e) The Smart Fuel bottle is flimsy and prone to squirting fuel rather than pouring it safely.

15

(f) The Smart Fuel lacks additives that would cause the flame to burn visibly so that users could tell when the flame was really extinguished.

(g) The Smart Fuel was sold without adequate warnings that alcohol flames may be difficult or impossible to see because they are by design colorless.

(h) The Smart Fuel was sold without an adequate warning label given the level of danger involved in utilizing this fuel.

(i) The product was defective in that it failed to perform as safely as an ordinary consumer would expect when the product was used in an intended or reasonably foreseeable manner.

74. At all times relevant, there was a design defect in the Smart Fuel sold by AMAZON that resulted in a product that was unreasonably dangerous for use by the unsuspecting public.

75. These defects caused or contributed to the damages suffered by Plaintiff RENEE FARRELL.

WHEREFORE, Plaintiff RENEE FARRELL demands judgment against Defendant AMAZON.COM, INC., together with costs of suit.

## COUNT VIII
### Negligence – Amazon

76. Plaintiff realleges and incorporates in this count the allegations of paragraphs 1-3 and 15-23 as set forth above, and further alleges:

77. The Smart Fuel was not altered from the time it left the control of Defendant AMAZON until the time when Plaintiff was injured on February 14, 2021.

78. The Smart Fuel was being used by Plaintiff for its intended and reasonably foreseeable purpose at the time of the incident described above.

79. In selecting and selling the Smart Fuel to unsuspecting customers on its online store, Defendant AMAZON had a duty to use reasonable care to persons such as the Plaintiff who would foreseeably be using the Smart Fuel; but Defendant AMAZON breached that duty in that, as sold by Defendant, the product was unreasonably dangerous for its intended use by foreseeable users, including Plaintiff, in one or more of the following respects:

(a) The Smart Fuel Bio-ethanol fuel is volatile and highly flammable.

(b) The Metropolitan Tabletop Bio-ethanol Fireplace is marketed as "Planet-friendly" and "Greenest Choice Ethanol" although it contains more than 95% ethyl alcohol and is highly dangerous.

(c) The Smart Fuel has a lower viscosity than water and stays on skin and clothing enhancing the danger and risk of fire to users.

(d) The Smart Fuel was sold in containers with inadequate and misleading labeling and warnings, when in fact the fuel is highly volatile.

(e) The Smart Fuel bottle is flimsy and prone to squirting fuel rather than pouring it safely.

(f) The Smart Fuel lacks additives that would cause the flame to burn visibly so that users could tell when the flame was really extinguished.

(g) The Smart Fuel was sold without adequate warnings that alcohol flames may be difficult or impossible to see because they are by design colorless.

(h) The Smart Fuel was sold without an adequate warning label given the level of danger involved in utilizing this fuel.

(i) The product was defective in that it failed to perform as safely as an ordinary consumer would expect when the product was used in an intended or reasonably foreseeable manner.

80. At all times relevant, there was a design defect in the Smart Fuel sold by AMAZON that resulted in a product that was unreasonably dangerous for use by the unsuspecting public.

81. Given AMAZON's knowledge of the markets and the various prior recalls of functionally identical products, AMAZON either knew or should have known through the exercise of reasonable care that the Smart Fuel it was selling was extremely dangerous and that many people had been injured or killed by similar products because they did not comprehend the level of danger associated with using this type of product.

82. Indeed, even if AMAZON ignored all the prior injuries and deaths caused by these fireplaces and bio-fuels, AMAZON had actual knowledge from its customer reviews that there were serious safety issues with the Smart Fuel it was selling: "Top reviews from the United States":

A. "Explodes out fireplace leaving little burning pools around the floor. Fast burning . . . This product is very fast burning compared with others I've used. It also has a tendency to explode when lit. . . ." (12-5-20)

B. "It will blow-up in your face when lighting it – CAUTION! . . . When you light this product in your house it is just like lighting gasoline." (8-2-18)

83. These defects caused or contributed to the damages suffered by Plaintiff RENEE FARRELL.

WHEREFORE, Plaintiff RENEE FARRELL demands judgment against AMAZON.COM, INC., together with costs of suit.

### Demand for Jury Trial

Plaintiff demands a trial by jury on all issues so triable.

**PAJCIC & PAJCIC, P.A.**

*/s/ Seth A. Pajcic*

**SETH A. PAJCIC**
Florida Bar No.: 776211
**BENJAMIN E. RICHARD**
Florida Bar No.: 13896
One Independent Drive, Suite 1900
Jacksonville, FL 32202-5013
Telephone: (904) 358-8881
Telefax: (904) 354-1180
Primary E-mail: seth@pajcic.com
Secondary E-mail: monica@pajcic.com
*Attorneys for Plaintiff, Renee Farrell*